# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# MISCELLANEOUS NO. 3:14mc 204

IN RE:   MOTIONS BASED ON RETROACTIVE APPLICATION OF NOVEMBER 1, 2014 AMENDMENT 782 TO THE BASE OFFENSE LEVELS FOR THE DRUG QUANTITY TABLE GUIDELINES

## ORDER

The following procedure shall be followed by agencies and attorneys in this district to assist the Court in resolving sentence reduction motions based upon the retroactive amendment to the drug guidelines set forth in the forthcoming November 1, 2014, United States Sentencing Guidelines Manual (USSG), Appendix C, Amendment 782. Amendment 782 is effective as of November 1, 2014, however, offenders cannot be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015. As a general matter, motions seeking a reduction of sentence pursuant to the retroactive guideline are governed by 18 U.S.C. § 3582(c)(2). These proceedings are not full resentencings, and may be ruled on by the Court without a hearing.

The Court, as part of an 18 U.S.C. § 3582(c)(2) proceeding, will not entertain a challenge based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), or United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

1.   Pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006(a)(1) and (c), the Federal Defender's Office (FDO) is appointed to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent based on a financial affidavit, and (1) who files a motion seeking relief for reduction of sentence in accordance with the revised base offense levels for drug violations, USSC § 2D1.1 and 18 U.S.C.

§ 3582(c)(2); or (2) whose name appears on lists supplied by the United States Sentencing Commission and the United States Probation Office (USPO) as potentially eligible for sentence reduction; or (3) who has been identified by the FDO as potentially eligible for a sentence reduction.

2. The USPO will provide to the FDO and the United States Attorney's Office (USAO) a list of defendants potentially eligible for sentence reduction compiled by the United States Sentencing Commission (USSC) and the USPO.

3. The USPO shall only provide the Presentence Report (PSR), the Statement of Reasons (SOR) and the Judgment in a Criminal Case (J&C) to the FDO and the USAO for defendants whose documents are not filed in CM/ECF. The FDO shall provide such materials to any subsequently designated or retained counsel. Such documents shall only be used for purposes of eligibility analysis and sentence reduction motions.

4. Upon the filing of their Notice of Appearance, the FDO will be given retroactive access to electronic documents in CM/ECF.

5. If the FDO determines a defendant may qualify for a sentence reduction and that defendant has filed a motion pro se, the FDO will designate counsel for the defendant.

6. If the FDO determines a defendant may qualify for a sentence reduction, and no pro se motion has been filed, the FDO shall notify the defendant and inquire whether he or she wishes to file a motion.

    a. If a defendant wishes to file a motion, and previously qualified for appointed counsel, the FDO shall designate counsel for the motion.

    b. If a defendant wishes to file a motion, and previously retained counsel, the FDO shall inquire of the defendant whether he or she intends to retain counsel for the motion.

The FDO shall provide a financial affidavit and directions for requesting court-appointed counsel to the defendant.

   c. If a defendant does not wish to file a motion, the FDO will keep a record of that decision, and notify the USAO and USPO.

7. The USPO, from the aforementioned lists, shall prepare a Supplement to the Presentence Report Pursuant to Amendment 782 for the Court and parties analyzing the defendant's eligibility for a sentence reduction and detailing his or her institutional adjustment. If the Court entered a variance at the original sentencing based solely on the anticipated levels produced by Amendment 782, no further offense level reduction will occur.

8. The USAO and FDO or designated counsel may file a response to the motion. The FDO response may include support for a defendant's motion or a Notice of Ineligibility. All responses must be filed within 30 days of the filing of the motion. However, for any attorney appointed to represent a defendant for whom the appointment is made after the response deadline has otherwise passed, such response by such appointed attorney shall be filed within 30 days of the date of appointment. For any motion filed on or after October 1, 2015, on behalf of a defendant who may be eligible for release within 30 days of the filing of such motion, all responses must be filed within 7 days of the filing of the motion.

9. The Court shall resolve the motion with or without a hearing on a case-by-case basis as justice requires.

10. After November 1, 2015, priority shall be given to defendants potentially eligible for immediate release from incarceration. Any defendant for whom the Court determines that the defendant would be eligible for immediate release, the Court will enter a modified sentence

of "time served plus ten days" to allow the Bureau of Prisons time to complete the defendant's release.

**IT IS SO ORDERED** this 8th day of September, 2014.

_____
Frank D. Whitney
Chief United States District Court Judge

_____
Max O. Cogburn, Jr.
United States District Court Judge

_____
Robert J. Conrad, Jr.
United States District Court Judge

_____
Martin Reidinger
United States District Court Judge

_____
Richard L. Voorhees
United States District Court Judge

_____
Graham C. Mullen
United States Senior District Judge